UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN WARD, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 10-3398-CV-S-ODS-P |
| BRADLEY SMITH, et al., ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

This is a Section 1983 civil rights matter, filed pro se by a Missouri inmate. Pending before the court is plaintiff's motion for appointment of counsel. (Doc. No. 21).

An indigent has no statutory or constitutional right to have counsel appointed in a civil action for damages. Wiggins v. Sargent, 753 F.2d 663 (8th Cir. 1985); Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981). Rather, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors to be considered by the district court in determining whether to appoint counsel in a civil case are the factual and legal complexity of the case, the ability of the inmate to present his claim, and plaintiff's good faith efforts to retain counsel. In Re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986).

Because the record has not been developed sufficiently to determine if appointment of counsel is justified, it is **ORDERED** that plaintiff's motion for appointment of counsel (Doc. No. 21) is denied without prejudice.

    /s/Ortrie D. Smith
    ORTRIE D. SMITH
    UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: April 7, 2011.