United States District Court
Western District of Missouri
Southern Division

Kevin Ward
    Plaintiff,

v.                                              Cause No. 10-3398-cv-s-ODS-P

Bradley Smith, et al.
    Defendants.

Plaintiff's Motion to compell descovery or in the alternative appoint Counsel.

Comes Now Plaintiff, Kevin Ward, prouse and request this honorable court compell the defendants to produce All descovery items requested or in the alternative appoint counsel.

1. Plaintiff makes one exception to his request. No. 1 of plaintiffs motion is withdrawn with the exception of defendants address and social security numbers.

Defendants are continuing to allege that prison officials did not confiscate plaintiffs entire file. Prison officials did do it. Just for the sake of arguement, lets say plaintiff did want to keep all the stuff that was sent. Plaintiff would have no reason for hiding his entire file. None at all.

Prison officials confiscated all of the file. Prison officials even told the plaintiff that's what they were going to do. They done it and never returned any of it.

2.

(6.) Plaintiff states, the defendants are hiding documentation. "Strip cell status" equals to limited property but what this policy describes is not the method they use." It is not the method they used on plaintiff on 10-26-2009.

3. The plaintiff does request to review, all (5) wall mounted cameras and the handheld camera operated by YOI Pinham. If counsel is appointed, plaintiff want the video produced to counsel.

4. Plaintiff does request to review the audio taped interview between himself and investigator Ms Cantrell. If counsel is appointed, the plaintiff wants a copy of the tape produced. This interview was taken between or during the month of 2009 December 2009.

5. The plaintiff has alleged that the prison officials have "set him up" for a charge of assault the day before he was scheduled to take his deposition so they could (steal)(confiscate) the documents they'd given to the plaintiff. The plaintiff request the defendants or rather the court compell the defendants to produce the video footage from May 31st 2011 to prove even that claim. The footage is of foodservice, A serving line from 4:30 A.M. until 6:00 A.M. The plaintiff is very easy to identify because the plaintiff has a special

pair of boots that no other offender on SCCC has as these. boots were issued to the plaintiff by medical at Bonne Terre Correctional Center. The boots are Black leathers with (Tan) gummed soles. So the plaintiff stands out clearly. The plaintiff also stands at the head of the line the entire time due to his job assignment. The footage will show that the staff literally came up behind plaintiff and the plaintiff was not ever by the staff that was assaulted.

The plaintiff request this court to compell the disclosure of this video footage.

6. The plaintiff request No. 11. The defendant state this request is overly broad. It is very relevant because the plaintiff does not know the actual date he was interviewed by Ms. Cantrell and needs to be able to get the accurate date down if defendant fail to produce the audio taped interview. So that log is relevant to the discovery of relevant evidence.


7. The plaintiff request this court compts to compell the defendants to produce his medical records from Jan. 1st. 1993 to January 1st 2005. The plaintiff request all information with respect to his chronic care medical treatment. The plaintiff is asthmatic and defendant Breeden claims she checked the plaintiffs medical records. The defendant states the defendants have given the plaintiff selective parts of his medical file that only date back to 2009 that is not what the plaintiff requested.

The plaintiff argues the defendants are wasting valuable time on discovery. The defendant produced to the plaintiff on 7-12-2011, A second copy of his medical file from 2009 6-17-09 to 2-23-09 that accounts for Ward 574 to Ward 712. Also Adseg policies that are of no use to the plaintiff that accounts for Ward 430 to Ward 578. None of this stuff is useful at all. It is not the stuff the plaintiff requested.

Again the plaintiff reasserts the fact that the defendants are (playing games) with the plaintiff sending numerous double copies to make it appear they are producing a lot of documents of relevance in numbers when in fact they have produced nothing of relevance to this case.

The only way the defendants will be forced to stop playing games is if counsel is appointed because they can't play this game with counsel. The only way plaintiff can get the evidence to prove his case is if counsel is appointed.

If this court cannot compell the discovery of the evidence to a pro'se plaintiff, then how is the plaintiff to prepare his case?

Wherefore the plaintiff prays that this court compell the discovery request from both Counsel for defendants Kleeastt and Smith, as well as from counsel for defendant Breeden, whom has not responded at all to a totally different set of request.

Respectfully Submitted,

Kevin W Door

Pro'se Plaintiff

Certificate of Service

I hereby certify that a true and correct copy was sent postage pre-paid this 13th day of July 2011 to:

United States District Court
Clerk of the Court
400 East 9th Street Rm 1510
Kansas City, Missouri 64106

Kevin Wash
Pro se Plaintiff

Kevin Ward 503532 (2A-401)
South Central Correctional Center
255 West Highway 32
Licking, MO 65542-9069

This correspondence is from an inmate in the custody of the Missouri Department of Corrections. The Department is not responsible for the content of this correspondence. For information about the Department or to verify information about the offender, please visit our website at www.doc.mo.gov.

Legal

SPRINGFIELD MO 658
13 JUL 2011 PM 1 L

2011 JUL 15 PM 2:03

United States District Court
Clerk of the Court
400 East 9th Street Rm. 1510
Kansas City, MO 64106