UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN WARD | ) |
| Plaintiff(s), | ) |
| v. | ) Cause No. 10-3398-CV-S-ODS-P |
| BRADLEY SMITH, et al. | ) Division: |
| Defendant(s). | ) |

## MEMORANDUM IN OPPOSITION ON BEHALF OF TIFFANY BREEDEN TO PLAINTIFF'S MOTION TO DISCLOSE TO THE COURT INFORMATION OF PRISON OFFICIALS' INTERFERENCE IN PLAINTIFF'S ABILITY TO LITIGATE AND DEFENDANTS' UNWILLINGNESS TO PRODUCE THROUGH DISCOVERY (DOC. 54)

COMES NOW Defendant, Tiffany Breeden, by and through counsel undersigned, and for her Memorandum in Opposition to Plaintiff's Motion to Disclose to the Court Information of Prison Officials Interference in Plaintiffs Ability to Litigate and Defendants Unwillingness to Produce Through Discovery [sic] (Doc. 54) (hereinafter "Motion to Disclose"), states as follows:

Tiffany Breeden first directs the Court's attention to the fact that Ward's Motion should be stricken as not in compliance with Local Rule 7.0(c), as his Motion is not accompanied by a Memorandum in Support of the Motion.

Second, Defendant Breeden directs the Court's attention to the fact that, in the alternative, Ward's Motion should be stricken, as it does not comply with Fed. R. Civ. P. e 7-

(b)(1)(B) and 7(b)(1)(C), for failing to state with particularity the grounds for seeking the order and failure to state the relief sought.

Finally, Defendant Breeden directs the Court's attention to the fact that Plaintiff has not complied with local rules regarding resolving discovery disputes. Additionally, the discovery he seeks to compel is properly objectionable, and defendant has provided plaintiff with all non-objectionable information requested.

Should the Court allow the Motion to proceed, Defendant states the following in Opposition.

## I. ARGUMENT

### A. Section 1 (or I.) of Plaintiff's Motion to Disclose is inapplicable to Defendant Nurse Tiffany Breeden.

Plaintiff's Section 1 (I.) of his Motion to Disclose references issues not within the care, custody, control or knowledge of Tiffany Breeden and should be disregarded as to her. Breeden offers no response as to this section on the basis that she is not able to provide information to the Court on the issues raised in this Section since they pertain only to prison administrative issues to which she is not privy as a Nurse.

### B. The Plaintiff's statements and allegations contained in Section II of Plaintiff's Motion to Disclose are vague and ambiguous and give the Court no grounds to grant any relief.

In Paragraph on of Section II, Plaintiff states that he has "written letters to both counsels for the defence requesting why they won't produce the sections of plaintiff's medical records requested" [sic] (Doc. 54, Page 3, Section II, Paragraph 1). Defendant Breeden has received correspondence from Plaintiff dated August 23, 2011 (Attached hereto as Exhibit 1). This letter inquires of Breeden why she objected to production of his medical records for the years he requested. Breeden directs the Court's attention to

the Plaintiff's Request for Production of Documents, No. 10, and Defendant's response, which states:

> **REQUEST:**
> 11. *The Plaintiff's complete medical file for his entire Incarceration from 1993 to 12-31-2008" [sic].*
>
> **RESPONSE:**
> **"Objection, overbroad and irrelevant. However, subject to those objections a copy of Plaintiff Kevin Ward's medical records are attached hereto as Exhibit 1.**

Defendant Breeden has provided Plaintiff with all of the Plaintiff's medical records that she has obtained. Whatever Breeden has obtained, she has provided to Plaintiff, her objection notwithstanding. If Defendant Breeden did not find it necessary to obtain every medical record Plaintiff wishes to review, Plaintiff's own medical records are equally available to him as they are to Defendant. Further, Breeden cannot be expected to prepare Plaintiff's case and perform his investigation or do research on behalf of her opponent. Plaintiff may obtain any medical records that he wishes to use in his investigation that he believes are appropriate, but this does not mean he may demand that Defendant do his work for him. Plaintiff seems to misconstrue the meaning of Defendant Breeden's objection to mean that she has somehow withheld something that she has in her possession. This is not the case. The objection was asserted on legitimate grounds, but notwithstanding this objection, Breeden provided Plaintiff with medical records in her possession.

In his Motion to Disclose (Section II, Paragraph 3) Plaintiff alleges that Breeden "refuse to produce any policies to the plaintiff." While Plaintiff's statements are vague and confusing, Defendant concludes that this statement is based upon Breeden's response to Plaintiff's Request for Production of Documents. Defendant Breeden renews her

objections to this request as vague, overbroad and irrelevant and not calculated to lead to discoverable evidence, and Breeden renews her objection that such information is privileged and proprietary in nature. The discovery Plaintiff "discusses "is properly objectionable, and defendant has provided plaintiff with all non-objectionable information requested.

Plaintiff makes no cognizable "motion" for this Court to act upon, therefore this pleading should be struck. However, should the Court entertain this Motion to Disclose, Breeden requests that this Court take note of the fact that Plaintiff asks only that the Court "take this information into account" and in his prayer, asks this Court to grant any pending motions that would cause the plaintiff to no longer be prejudiced as stated above." Although only a prayer, and not a formal part of the pleading, Defendant Breeden would request that this Court wholly disregard Plaintiff's plea as improper since a party may not properly seek to have the Court grant motions that have not yet been filed and placed before it for consideration.

IV. CONCLUSION

Plaintiff's Motion to Disclose makes no cognizable request of the Court specific to the issues he raises. Since Ward fails to request any cognizable relief, because the relief cannot be ascertained from the plain language of the pleading, and for the foregoing reasons the Court should deny Plaintiff's Motion to Disclose.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode MoBar #31080
ECKENRODE-MAUPIN, Attorneys at Law
8000 Maryland Ave., Ste. 1300
St. Louis, MO 63105
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)

*Attorney for Defendant Ms. Tiffany Breeden.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via first class U.S. Mail, postage prepaid on this 22nd day of September, 2011 to the following:

Kevin Ward
#503532
SOUTH CENTRAL CORRECTIONAL CENTER
255 West Highway 32
Licking, MO 65542
*Pro Se Plaintiff*