# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| KEVIN WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-3398-CV-S-ODS-P |
| | ) |
| BRADLEY SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. NO. 47)

This is a 42 U.S.C. § 1983 civil rights case. Now pending before the Court is a pleading filed by plaintiff which is captioned "Plaintiff's Motion to Compell [sic] Discovery or In the Alternative Appoint Counsel." (Doc. No. 47). Defendants have filed suggestions (Doc. No. 48) in opposition to plaintiff's motion, and plaintiff has filed reply suggestions (Doc. No. 55).

Having reviewed the record, it is **ORDERED** that, to the extent Doc. No. 47 constitutes a motion to compel discovery, plaintiff's motion is denied without prejudice. See Fed. R. Civ. P. 37(a)(2).[1]

It is further **ORDERED** that, to the extent Doc. No. 47 constitutes a motion to appoint counsel, plaintiff's motion is denied for the reasons given in the Court's April 7, 2011, Order (Doc. No. 22) denying his first such request (Doc. No. 21). There is no right to counsel in a civil lawsuit for damages such as this case.

/s/ Ortrie D. Smith
ORTRIE D. SMITH
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: March 12, 2012.

---

[1] If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. Additionally, plaintiff has not attached to his motion a copy of the discovery requests and responses which are the subject of that motion. Consequently, the Court would have to speculate as to the nature of the discovery dispute.