IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

KEVIN WARD,                        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Civil No. 10-3398-CV-S-ODS
                                   )
BRADLEY SMITH, et al.,             )
                                   )
        Defendants.                )

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Pending is Defendants' Motion for Judgment on the Pleadings (Doc. #179). The Motion is granted in part and denied in part.

### I. Background

On July 2, 2014, Plaintiff Kevin Ward ("Plaintiff"), an inmate at South Central Correctional Center in Licking, Missouri, filed an Amended Complaint against correctional officers Bradley Smith ("Smith") and Dustin Merritt ("Merritt") (collectively "Defendants"), asserting a claim under 42 U.S.C. § 1983 and a claim for intentional infliction of emotional distress. Plaintiff's claims are based on Defendants' alleged excessive use of pepper spray against him.

### II. Standard

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) (citations omitted). In considering a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Id.* (citations omitted). The Court reviews a motion for judgment on the pleadings under the same standard that governs motions to dismiss for failure to state a

claim. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

### III.   Discussion

#### A.   Count I – 42 U.S.C. § 1983 Civil Rights Violation

In Count I, Plaintiff claims a violation of his Eighth Amendment rights pursuant to 42 U.S.C. 1983. Section 1983 provides that "any person who deprives an individual of his or her constitutional rights under color of state law shall be liable to that individual." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). It is well-settled that state actors in their official capacity "are outside the class of 'persons' subject to liability" under Section 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23 (1991) (citing *Will*, 491 U.S. at 71). However, state actors sued in their individual capacities are "persons" under Section 1983. *Hafer*, 502 U.S. at 31.

Further, according to the Eleventh Amendment, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state." U.S. Const. Amend. XI. The Supreme Court has held the Eleventh Amendment "bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (citations omitted). The Eleventh Amendment also bars a damages action against a state actor who is sued in his or her official capacity, because "a judgment against a public servant in his

2

official capacity imposes liability on the entity that he represents." *Id.* (citations omitted); *see also Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011); *Nix v. Norman*, 879 F.2d 429, 432-433 (8th Cir. 1989). However, the Eleventh Amendment "does not protect state officials from being sued in their individual and personal capacities." *Hicks v. Clay Cnty.*, 636 F. Supp.2d 903, 912 (W.D. Mo. 2008).

Here, Defendants are employees of the Missouri Department of Corrections. Am. Compl. ¶¶ 4-5. Plaintiff is suing Defendants in their official and individual capacities for monetary damages. Am. Compl. ¶7. To the extent Defendants are sued in their official capacities, Count I is dismissed. To the extent Defendants are sued in their individual capacities, Count I is not dismissed.

### B. Count II – Intentional Infliction of Emotional Distress

Under Count II, Plaintiff alleges Defendants committed the tort of intentional infliction of emotional distress. According to Mo. Rev. Stat. § 537.600, state actors in their official capacity possess sovereign immunity unless the alleged injury results from the "negligent operation of a motor vehicle within the course of employment [or] for injuries caused by the dangerous condition of a public entity's property." *Conway v. St. Louis Cnty.*, 254 S.W.3d 159, 167 (Mo. Ct. App. 2008); *see also Duncan v. Creve Coeur Fire Prot. Dist.*, 802 S.W.2d 205, 207 (Mo. Ct. App. 1991). Because neither of these exceptions is applicable here, a claim for intentional infliction of emotional distress against Defendants in their official capacity is barred. Additionally, Plaintiff states he "is agreeable to dismissing those portions of Counts I and II that are brought against Defendants in the official capacities." Pl. Opp. FN 1.

Further, "to state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997). When defendant's "conduct amounts to the commission of one of the traditional torts, such as

3

battery, and the conduct was not intended only to cause extreme emotional distress to the victim, the tort of intentional infliction of emotional distress will not lie." *K.G. v. R.T.R.*, 918 S.W. 2d 795, 799 (Mo. 1996). Thus, Plaintiff "must establish that defendant's sole intent in acting was to cause emotional distress." *Central Missouri Elec. Coop. v. Balke*, 119 S.W. 3d 627, 636 (Mo. Ct. App. 2003).

Plaintiff states in his Amended Complaint that he has experienced "mental anguish and severe pain and emotional suffering." Am. Compl. ¶ 61. Plaintiff also alleges Defendants "applied force against Plaintiff maliciously and sadistically to cause harm to Plaintiff." Am. Compl. ¶ 56. The Court finds Plaintiff's allegations sufficient to support an inference that evidence will be presented demonstrating that (1) Plaintiff suffered emotional distress resulting in "bodily harm" and (2) Defendants' "sole intent" was to inflict emotional distress.

Consequently, to the extent Defendants are sued in their individual capacities, the Motion for Judgment on the Pleadings for Count II is denied.

## IV. Conclusion

Defendants' Motion for Judgment on the Pleadings is granted in part and denied in part. To the extent Defendants are sued in their official capacities, the Motion for Judgment on the Pleadings is granted for Counts I and II. To the extent Defendants are sued in their individual capacities, the Motion is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 29, 2014 UNITED STATES DISTRICT COURT