| | |
|---|---|
| KEVIN WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 10-3398-CV-S-ODS |
| ) | |
| BRADLEY SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS IN LIMINE, AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE

Pending are the parties' motions in limine. Parties are reminded that these rulings are interlocutory. Therefore, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties are encouraged to re-assert their objections at trial if they deem it appropriate to do so. Evidence that is barred shall not be discussed in the jury's presence (including during opening statements) without leave of the Court, and in this regard Parties are free to suggest (out of the jury's presence) that something has occurred during the trial that justifies a change in the Court's interlocutory ruling.

Plaintiff's Motion in Limine No. 1 (Doc. #213)

Plaintiff seeks to exclude any testimony or evidence related to Plaintiff's criminal convictions.

The Court notes Plaintiff has several convictions, some of which are well over 10 years old. FRE 609(b) governs the admissibility of convictions that are more than 10 years old and states these convictions are only admissible if Defendants demonstrate their "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." Defendants generally argue Plaintiff's credibility is particularly important in this case and Plaintiff's felony history suggests he is less likely to be deterred from lying under oath. The Court finds these arguments do not provide

sufficient facts or circumstances in support of their position – mainly because these arguments likely could be made in almost every case involving a plaintiff who is an inmate. In fact, the Court finds that some of Plaintiff's convictions would be highly prejudicial and that their prejudicial nature would far outweigh any probative value they have. Accordingly, to the extent Plaintiff seeks to exclude testimony or evidence related to Plaintiff's criminal convictions which are more than ten years old, the Motion in Limine is granted.

Plaintiff also has one conviction which was punishable by imprisonment for more than one year and is less than 10 years old. FRE 609(a)(1)(A) governs this category of convictions and states these convictions "*must* be admitted, subject to Rule 403, in a civil case." (emphasis added). Plaintiff points to several courts that have applied the following four factor test to determine whether felony convictions are admissible, "the nature of the convictions, the time that has elapsed since conviction, the importance of credibility to the underlying claim, and the potential for prejudice from admitting the convictions." *Tabron v. Grace*, 898 F. Supp 293, 295 (M.D. Pa. 1995). Regarding the first two factors, the Court finds a conviction for assault in the second degree is not a petty crime, and 10 years have not passed since the conviction.

With respect to the third factor, the Court turns to the Eighth Circuit decision, *Cummings v. Malone*. 995 F.3d 817 (8th Cir. 1993). In that case, the Eighth Circuit determined that because Plaintiff's and Defendants' versions of events were diametrically opposed, credibility was of paramount importance. At this juncture, the Court does not know the details of Defendants' version of events, and thus the Court does not know if the parties' versions of events are as diametrically opposed as they were in the *Cummings* case. Nonetheless, the Court believes Defendants' version of events might diverge from Plaintiff's version. Consequently, the Court finds that credibility is important to the case at hand. Following the *Cummings* Court's reasoning, Plaintiff's prior conviction has probative value regarding his credibility.[1]

With respect to the final factor, the Court finds evidence of one felony conviction for assault in the second degree does not rise to the level of undue prejudice, will not

---

[1] The Court notes Plaintiff's argument that his convictions have no bearing on the October 2009 incident. While this may or may not be true, the Court does find the 2007 assault conviction does have bearing on his credibility.

2

cause confusion, and will not needlessly waste the Court's time.  The probative value of the evidence outweighs whatever slight prejudice Plaintiff might incur due to the mention of this felony conviction.

Therefore, to the extent Plaintiff seeks to exclude testimony of evidence related to Plaintiff's criminal convictions that are less than 10 years old, the Court denies the Motion in Limine.[2]

Plaintiff's Motion in Limine No. 2 (Doc. #214)

Plaintiff seeks to exclude any testimony or evidence related to Plaintiff's conduct violations.[3]

Defendants assert that during the October 2009 incident, Plaintiff was housed in an administrative segregation unit in the prison because of his repeated conduct violations.  Defendants contend prison officials working in this unit must use extra caution when interacting with inmates and that inmates in this unit are aware that strict compliance with rules is required. Defendants argue Plaintiff's conduct violations are relevant as to whether (1) Defendants used reasonable force during the October 2009 incident and (2) Plaintiff's knowledge of the administrative segregation unit rules.

At this time, the Court finds Plaintiff's previous conduct violations has limited relevance as to the events at issue in this case. *See* FRE 401.  The potentially prejudicial effect of this evidence outweighs what limited probative value it has.  *See* FRE 403.  The jury could improperly conclude Defendants could use a higher level of force against Plaintiff merely because Plaintiff has a history of conduct violations.

For this evidence to be admissible, Defendants will need to specifically demonstrate how Defendants' knowledge of Plaintiff's previous conduct violations pertains to their actions during the October 2009 incident and how Plaintiff's previous

---

[2] Plaintiff also argues that pursuant to FRE 609(a)(2), none of his convictions should be admissible because they do not involve dishonest acts or false statements.  However, Plaintiff's convictions resulted in imprisonment for more than one year, and thus, FRE 609(a)(1) governs their admissibility.

[3] Plaintiff argues the Court should exclude this evidence pursuant not only to FRE 403, but also pursuant to FRE 404(b).  While the Court finds the evidence inadmissible pursuant to FRE 403, the Court notes Defendants arguments suggest they would not be asserting this evidence for the prohibited purposes listed under FRE 404(b)(1), but rather they potentially would be asserting this evidence for the permitted purposes listed under FRE 404(b)(2).

3

conduct violations relate to the level of force Defendants used. Further, Defendants will have to show how Plaintiff's knowledge of the administrative segregation unit rules specifically relates to the October 2009 incident.

Therefore, the Court grants Plaintiff's Motion in Limine to exclude any testimony or evidence related to Plaintiff's conduct violations.

Plaintiff's Motion in Limine No. 3 (Doc. #215)

Plaintiff seeks to exclude any testimony or evidence related to Plaintiff's other lawsuits. The Motion is granted.

Plaintiff's Motion in Limine No. 4, No. 5 (Doc. #216, Doc. 217)

Plaintiff seeks leave to permit him to appear in court without shackles or other restraints and to wear civilian clothing at trial.

Defendants cite *Holloway v. Alexander* to support the proposition that because of the nature of the case, the jury will be aware Plaintiff is a prisoner and prejudice cannot result from that which is already known. 957 F.2d 529 (8th Cir. 1992). However, while the *Holloway* Court found that it was not necessarily reversible error to require a prisoner to wear shackles during a civil trial, it also determined that would not always be the case. *Id.* at 530. Rather, the court stated it did "not endorse a general policy of parading inmate civil plaintiffs…before the jury in shackles." *Id.*

Here, the Court finds there is a distinction between the jury already being aware Plaintiff is a prisoner and the jury receiving a glaring reminder of this fact in the form of a distinctly colored or designed State-issued prison clothing and shackles. The Court agrees with Plaintiff that these items will exacerbate any pre-existing prejudice jurors may have toward Plaintiff because of his prisoner status and that these items may cause jurors to perceive him as a threat.

The Court acknowledges Defendants' concern regarding Plaintiff's previous prison escape attempts. However, U.S. Marshals and Missouri Department of Corrections officers will be present at the trial and are more than able to handle all security related issues.

4

Accordingly, Plaintiff's Motions in Limine seeking leave to permit him to appear in court without shackles or other restraints and to wear civilian clothing at trial are granted.

Plaintiff's Motion in Limine No. 6 (Doc. #223)

Plaintiff seeks to exclude any evidence that Defendants' use of force against Plaintiff was used to achieve a legitimate purpose.[4] Plaintiff makes this request based on Defendants' alleged failure to record and preserve evidence regarding the October 2009 incident.

In evaluating Plaintiff's request, the Court is guided by the legal standard used to determine whether an adverse inference instruction should be issued due to evidence spoliation. When a case involves alleged spoliation, a court may issue an adverse inference instruction if it finds (1) there was intentional destruction indicating a desire to suppress the truth and (2) there is prejudice to the opposing party. *Hallmark Cards, Inc. v. Murley*, 703 F.3d 456, 460 (8th Cir. 2013). At this juncture Plaintiff has failed to provide sufficient factual support that Defendants intentionally destroyed evidence or that there is prejudice to the moving party – namely because Plaintiff has cited to a great deal of deposition testimony but has not actually provided the Court with the cited depositions.

Even if the Court determined Defendants' alleged failure to record and preserve evidence was the result of intentional destruction, granting Plaintiff's motion in limine is an incredibly disproportionate sanction. Excluding any evidence that Defendants' use of force against Plaintiff was used to achieve a legitimate purpose would be the practical equivalent of preventing Defendants from presenting their case. Therefore, the Court denies Plaintiff's motion in limine.

Defendants' Motion in Limine (Doc. #218)
1. Defendants seek to exclude any written policy of the MDOC, and any evidence or argument that these Defendants or other employees of the MDOC failed to comply with

---

[4] The Court notes that while Plaintiff relies on the adverse inference instruction legal standard, Plaintiff has not requested an adverse inference instruction at this juncture.

5

any written policy of the MDOC. Because Defendants' argument focuses specifically on written policies, evidence and arguments regarding recording and/or preserving video footage of use of force incidents, the Court construes this request as covering only that category of MDOC policies.[5]

The Court finds that these policies have limited relevance as to the facts regarding the October 2009 incident. The policies do not make any fact regarding the October 2009 incident more or less likely. *See* FRE 401. Whatever limited probative value these policies have is outweighed by the potential confusion of issues. *See* FRE 403. The jury may improperly conclude that because Defendants did not follow MDOC policies regarding recording or preserving video footage of use of force incidents, Defendants used excessive force.

Plaintiff claims this evidence is relevant because a failure to record and preserve the recording of a use of force could demonstrate Defendants' deliberate indifference to Plaintiff's constitutional rights. Plaintiff also claims the policies are relevant because they bear on whether Defendants have motive for falsely testifying to avoid discipline or termination from the MDOC. The Court does not find either of these arguments persuasive. For this evidence to be admissible, Plaintiff will have to demonstrate how the MDOC's policies regarding recording and preserving evidence specifically relate to the facts surrounding the October 2009 incident and whether excessive force was used.

Finally, Plaintiff contends the MDOC's general policies are relevant for impeachment and refreshing recollection. As previously discussed, the Court is not ruling on the admissibility of the policies generally. Nonetheless, for MDOC's recording and preserving evidence policies to be admissible for the purposes of impeachment and refreshing recollection, then Plaintiff must demonstrate more specifically why this evidence is relevant for those purposes.

Accordingly, the Court grants Defendants motion in limine to exclude any written policy of the MDOC, and any evidence or argument that these Defendants or other employees of the MDOC failed to comply with any written policy of the MDOC,

---

[5] The Court notes Plaintiff's arguments about MDOC's policies regarding the use of pepper spray. However, the Court construes Defendants' request as only relating to MDOC policies covering the recording and/or preserving video footage of use of force incidents. Therefore, the Court will not address the admissibility of MDOC policies regarding the use of pepper spray.

6

specifically written policies, evidence and arguments regarding recording and/or preserving video footage of use of force incidents,

2. Defendants seek to exclude lay testimony by Plaintiff concerning any medical diagnosis or prognosis of any alleged medical condition and causation. Specifically, Defendants assert Plaintiff may testify that he suffered from hair loss, dizziness, difficulty breathing and asthma attacks due to Defendants' use of a chemical agent.[6]

The Court finds that hair loss, dizziness, and difficulty breathing are not sophisticated injuries and are within the realm of lay understanding. Therefore, Plaintiff may testify about the hair loss, dizziness, and difficulty breathing he sensed and felt. *See* FRE 701. Accordingly, to the extent Plaintiff offers this type of testimony, the Motion in Limine is denied.[7]

However, asthma and related asthma attacks are sophisticated injuries and not within the realm of lay understanding. *Turner v. Iowa Fire Equipment Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000). Accordingly, to the extent Plaintiff offers testimony regarding asthma and asthma attacks, Defendants' Motion in Limine is granted.

Additionally, testimony regarding causation is outside the realm of lay understanding and requires expert testimony. *Kayser v. Caspari*, 16 F.3d 280, 281(8th Cir. 1994). Plaintiff has not been offered as an expert of any kind, and thus, the Court will not permit Plaintiff to testify about a causal relationship between the use of a chemical agent and his alleged hair loss, dizziness, difficulty breathing, and asthma attacks. The Court also will not permit Plaintiff to testify about any medical diagnosis or prognosis regarding these physical effects. Thus, to the extent Plaintiff personally offers this type of testimony, Defendants' Motion in Limine is granted.

---

[6] While Plaintiff asserts Defendants' request is overly broad, given the specific arguments Defendants assert, the Court construes Defendants' request as one to exclude evidence regarding Plaintiff's alleged hair loss, dizziness, difficulty breathing and asthma attacks in light of the use of a chemical agent.

[7] To the extent Defendants request exclusion of this type of testimony because it may be prejudicial or confusing to the jury, the Court disagrees. A juror is highly unlikely to determine Plaintiff's testimony about how he sensed and felt due to the listed physical effects is of the type a medical expert would offer regarding causation.

3.  Defendants seek to exclude any prior rulings, findings, or orders by this Court regarding Plaintiff's claims.  In particular, Defendants urge the Court to exclude this Court's denial of Defendants' Motion for Summary Judgment (Doc. #155).  Therein, the Court determined Defendants were not entitled to qualified immunity.

Generally speaking, the Court's previous rulings, findings and orders in this case have been determinations of questions of law.  It is well settled that, "the controlling distinction between the power of the court and that of the jury is that the former is the power to determine the law and the latter to determine the facts."  *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935).  Moreover, "the issue of qualified immunity is a question of law for the court, rather than the jury, to decide." *Littrell v. Franklin*, 388 F.3d 578, 584 (8th Cir. 2004).  To the extent the Court made determinations of fact in its denial of summary judgment, the Court was required to view the facts in the light most favorable to the non-moving party – in that case the Plaintiff – giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984).  The Court's prior rulings, findings or orders regarding Plaintiff's claims are not relevant evidence, as they do not tend to make any "fact more or less probable than it would be without the evidence."  *See* FRE 401.

Accordingly, the Court grants Defendants' Motion in Limine to exclude any prior rulings, findings or orders by this Court regarding Plaintiff's claims.

4.  Defendants seek to exclude any reference to the fact that Plaintiff's attorneys are appointed.  Plaintiff contends this type of exclusion would be prejudicial because the jury could reach the false conclusion that he has the means to hire counsel.  The Court does not find Plaintiff will suffer prejudice if the jury reaches this type of conclusion. More importantly, the Court finds this evidence is completely irrelevant, as it does not tend to make any fact about Plaintiff's allegations more or less probable.  *See* FRE 401. Therefore, the Court grants Defendants' Motion in Limine to exclude any reference to the fact that Plaintiff's attorneys are appointed.

5. Defendants seek to exclude evidence of any alleged coverage under the State of Missouri's Legal Expense Fund ("LEF"), § 105.711 RSMo. Defendants note that a portion of any award of damages against Defendants might be paid by Missouri's Legal Expense Fund. While LEF is not insurance, it is in the nature of insurance. The availability of funds from the LEF is not relevant to any fact surrounding the October 2009 incident. *See* FRE 401, FRE 411.

Plaintiff argues Defendants' request to exclude evidence that Plaintiff's counsel is appointed and Defendants' request to exclude evidence about the LEF are inconsistent. The Court disagrees and finds that one has nothing to do with the other.

Finally, Plaintiff requests that if Defendants offer evidence that they are financially unable to pay a damage award, then the jury should be instructed that the LEF is responsible for paying part or all of any damages awarded. Evidence that Defendants are financially unable to pay a damage award likely is inadmissible, and thus, the Court declines at this time to determine if it will issue an instruction regarding the LEF.

Accordingly, the Court grants Defendants' Motion in Limine to exclude any alleged coverage under the State of Missouri's Legal Expense Fund.

6. Defendants seek to exclude any claims previously dismissed by this Court or claims initially asserted by Plaintiff but omitted from Plaintiff's Amended Complaint (Doc. #173). The Motion is granted.

7. Defendants seek to exclude any evidence concerning any disciplinary actions taken against these Defendants or other employees of the MDOC, if any, for any conduct of theirs that is unrelated to the events out of which Plaintiff's allegations arise. Plaintiff contends this evidence is "highly relevant." The Court disagrees. At issue here is a specific situation between Plaintiff and Defendants. Evidence of disciplinary actions for completely unrelated events has limited, if any, bearing on the events alleged in this lawsuit. *See* FRE 401. The prejudicial effect of this evidence easily outweighs whatever limited probative value it has. The jury could improperly conclude that

because Defendants or other MDOC employees had received discipline for other matters, Defendants' actions in this matter were excessive. *See* FRE 403.

Plaintiff also argues this evidence is permissible character evidence under Rule 404(b), because "it would tend to show a general pattern of behavior and disregard for inmates' rights." Again, the Court disagrees, as Plaintiff's proffered purpose for bringing this type evidence is the very thing Rule 404(b)(1) prohibits. Specifically, the rule bars evidence of crimes, wrongs or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Character evidence can be admissible for another purpose such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(2). Plaintiff has not suggested that it would present this type of evidence for any other admissible purpose.

Finally, Plaintiff argues Defendants' previous misconduct should be admitted to balance the prejudice Plaintiff will suffer due to his known incarceration. The Court does not find this to be sufficient reason to admit this evidence.

Accordingly, Defendants' Motion in Limine to exclude any evidence concerning any disciplinary actions taken against these Defendants or other employees of the MDOC, if any, for any conduct of theirs that is unrelated to the events out of which Plaintiff's allegations arise is granted.

8. Defendants seek to exclude any evidence concerning other allegations of excessive force or other alleged constitutional violations by Defendants or other employees of the MDOC, because it is prejudicial, confusing and improper character evidence. At issue here is a specific situation between Plaintiff and Defendants. Evidence of previous allegations of excessive force or constitutional violations has limited, if any, relevance as to whether excessive force was used or a constitutional violation occurred in this specific situation. *See* FRE 401. The prejudicial effect of this evidence easily outweighs whatever limited probative value it has. *See* FRE 403. The jury could improperly conclude that because Defendants or other MDOC employees used excessive force or committed constitutional violations in the past, they did so here as well.

10

Plaintiff contends the Court can cure any prejudicial effect or confusion this evidence causes by issuing a cautionary instruction. Plaintiff cites *White v. Honeywell, Inc.*, to support this proposition. 141 F. 3d 1270 (8th Cir. 1998). The Court finds *White* is distinguishable, as the evidence at issue in *White* had much more probative value than the evidence at issue in this motion in limine. A cautionary instruction does not cure a lack of relevance.

Plaintiff also argues this evidence is permissible character evidence under Rule 404(b), because "it would tend to show a general pattern of behavior and disregard for inmates' rights." The Court disagrees, as Plaintiff's proffered purpose for bringing this type evidence is the very thing Rule 404(b)(1) prohibits. Specifically, the rule bars evidence of crimes, wrongs or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Character evidence can be admissible for another purpose such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(2). Plaintiff has not suggested that it would assert this type of evidence for an admissible purpose.

Accordingly, Defendants' Motion in Limine to exclude any evidence concerning other allegations of excessive force or other alleged constitutional violations by Defendants or other employees of the MDOC is granted.

9. Defendants seek to exclude any evidence concerning other civil rights lawsuits filed against Defendants or other employees of the MDOC, if any, or any settlements or findings of liability therein. Plaintiff argues this evidence is relevant.[8] The Court disagrees and finds evidence regarding other civil rights lawsuits has limited, if any, bearing on whether Plaintiff's civil rights were violated in this case. *See* FRE 401. The prejudicial effect of this evidence easily outweighs whatever limited probative value it has. *See* FRE 403. The jury could improperly conclude that because civil rights lawsuits have been filed against Defendants in the past, Defendants violated Plaintiff's civil rights here.

---

[8] Plaintiff cites *U.S. v. Abel* in defining what constitutes relevant evidence. 469 U.S. 45 (1984). The Court agrees with the definition provided in the cited case, but finds the case is otherwise inapplicable here as Plaintiff has not asserted an argument based on bias.

Plaintiff argues that to the extent the evidence is prejudicial or confusing, the Court can cure these problems by issuing a cautionary instruction. Again, a cautionary instruction does not cure a lack of relevance.

Plaintiff also argues this evidence is permissible character evidence under Rule 404(b), because "it would tend to show a general pattern of behavior and disregard for inmates' rights." The Court disagrees, as Plaintiff's proffered purpose for bringing this type evidence is the very thing Rule 404(b)(1) prohibits. Specifically, the rule bars evidence of crimes, wrongs or other acts "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Character evidence can be admissible for another purpose such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FRE 404(b)(2). Plaintiff has not suggested that it would assert this type of evidence for any other admissible purpose.

Accordingly, Defendants' Motion in Limine to exclude any evidence concerning other civil rights lawsuits filed against Defendants or other employees of the MDOC, if any, or any settlements or findings of liability therein is granted.

10. Defendants seek to exclude any evidence concerning complaints brought by other prisoners against the Defendants or other employees of the MDOC. Plaintiff argues Defendants' request is overly broad and the evidence is relevant. The Court does not find Defendants' request to be overly broad, as complaints *other* prisoners brought has almost no bearing on Plaintiff's allegations. *See* FRE 401. The prejudicial effect of this evidence easily outweighs whatever limited probative value it has. *See* FRE 403. The jury could improperly conclude that because other prisoners have complained about Defendants and other MDOC employees, the Defendants actions in this matter were excessive.

Plaintiff argues that to the extent the evidence is prejudicial or confusing, the Court can cure these problems by issuing a cautionary instruction. Given the limited probative value of the evidence, the Court declines to admit the evidence.

Accordingly, Defendants' Motion in Limine to exclude any evidence concerning complaints brought by other prisoners against the Defendants or other employees of the MDOC is granted.


IT IS SO ORDERED.

                                                        /s/ Ortrie D. Smith
                                                       ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 1, 2015                          UNITED STATES DISTRICT COURT