# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| KEVIN WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 10-3398-CV-S-ODS |
| | ) | |
| BRADLEY SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART DEFENDANTS' BILL OF COSTS

Following judgment in their favor, Defendants have requested reimbursement of their costs in the amount of $1,784.30 pursuant to 28 U.S.C. § 1920(2). Doc. #291. Section 1920(2) provides compensation for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Defendants have submitted several invoices from Midwest Litigation Services. However, Defendants have not demonstrated that everything listed in their submitted invoices qualifies for compensation under Section 1920(2). In particular, the invoices include fees for matters such as "Attendance," "Jurat prep," "Exhibit Electronic/Scanned," "Media," and "Exhibit – B/W." The Court is not certain, and Defendants do not establish, what these items are and whether they qualify under Section 1920(2). Thus, to the extent Defendants seek compensation for these items, their request is denied.

Next, Plaintiff argues that the Court should not award costs to Defendants. In support of this argument, Plaintiff states that making an indigent plaintiff pay costs to the prevailing party would "subvert the purpose underlying the *in forma pauperis* statute" and "could effectively dissuade such persons from pursuing their claims." Doc. # 296. The Court finds this line of reasoning unpersuasive. First, the Eighth Circuit has held that "an indigent prisoner is not immune from an assessment of costs." *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003). Second, there is a presumption in favor of awarding costs to the prevailing party. *See e.g. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001). There is no exception to this presumption for indigent prisoners.

In the alternative, Plaintiff argues the Court should reduce the amount of costs awarded, because of Plaintiff's indigency. A court "has substantial discretion in awarding costs to a prevailing party under 28 U.S.C. §1920…" *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations and citations omitted). A court may consider a party's indigency in assessing costs. *Lampkins*, 337 F.3d at 1017.

In determining whether to reduce the amount of costs awarded because of Plaintiff's indigency, the Court "must first make a 'threshold factual finding' that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Wagner v. City of Pine Lawn*, No. 05-1901, 2008 WL 2323486 at *2 (E.D. Mo. May 20, 2008) (citing *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)). Then, "the Court should consider the 'amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised' in deciding whether to deny, or reduce, costs." *Id.*

Here, Plaintiff has submitted documents to the Court indicating his offender account with the Missouri Department of Corrections had a $0.00 balance as of July 5, 2015. Doc. #296, Exhibit A. Additionally, Plaintiff has provided the Court with a financial affidavit demonstrating Plaintiff is not currently employed, nor has he been employed for over twenty years. Doc. #296, Exhibit B. Further, this financial affidavit establishes Plaintiff receives only $7.50 a month in "state pay" and has no other assets or sources of income. *Id.*

Next, while the costs are not extraordinarily high, awarding costs in full would be unduly burdensome to Plaintiff given his financial status. The Court also finds Plaintiff acted in good faith throughout the proceedings before it. However, the Court finds that the issues in this case were not particularly complex or close. Accordingly, the Court will award costs to Defendants, but will reduce the amount of costs eligible for compensation by two-thirds.

With the above principles in mind, the Court finds the costs that are eligible for compensation under Section 1920(2) are:

| Invoice # STL238175: | Reduced to $175.00 due to inclusion of "Exhibit Electronic/Scanned" costs |
| Invoice # STL227117: | Reduced to $108.00 due to inclusion of "Media" costs |
| Invoice # STL227122: | Reduced to $123.00 due to inclusion of "Media" costs |
| Invoice # STL225751: | Reduced to $ 328.30 due to inclusion of "Jurat prep," "Exhibit – B/W," and "Attendance" costs |
| Invoice # STL225956: | Full amount of $35.00 allowed |
| Invoice # STL223748: | Disallowed in its entirety as it is "Media" costs |
| Invoice # STL222441: | Reduced to $249.00 due to inclusion of "Exhibit Electronic/Scanned" costs |
| Invoice # STL222447: | Reduced to $116.00 due to inclusion of "Exhibit Electronic/Scanned" costs. |
| Invoice # STL126299: | Reduced to $297.50 due to inclusion of "Attendance" and "Jurat prep" costs. |

Thus, the amount of eligible costs that can be awarded to Defendants under Section 1920(2) totals $1431.80. Reducing this amount by two-thirds leaves Plaintiff responsible for paying $477.27 in costs.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 14, 2015
UNITED STATES DISTRICT COURT

3

Case 6:10-cv-03398-ODS   Document 302   Filed 08/14/15   Page 3 of 3